**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4352**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAVON M. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:15-cr-00220-FDW-DSC-2)

Submitted:  April 25, 2019                          Decided:  May 9, 2019

Before WYNN, FLOYD, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Steven T. Meier, STEVEN T. MEIER, P.L.L.C., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavon M. Williams pled guilty to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 851 (2012), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2012). Williams was sentenced to 292 months' imprisonment for the drug conspiracy, the low end of the Sentencing Guidelines sentence, and a concurrent term of 20 years for the money laundering conspiracy, the statutory maximum sentence, and 8 years' supervised release. The district court also entered a separate criminal money judgment ordering Williams to forfeit $1,500,000 in accordance with 21 U.S.C. § 853 (2012). Williams' counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious issues for appeal, but raising for the court's consideration whether Williams should have received an additional one-level decrease to his offense level for acceptance of responsibility, and whether one of his prior convictions was improperly counted for career offender purposes. Williams was informed of the opportunity to file a pro se brief, but did not do so.

After Williams filed his appeal, the Supreme Court decided *Honeycutt v. United States*, 137 S. Ct. 1626, 1631-32 (2017), holding that a defendant may not be held jointly and severally liable under 21 U.S.C. § 853 for property that his coconspirator derived from the crime, but that the defendant did not acquire. We ordered supplemental briefing on the issue of whether Williams' criminal money judgment was improper in light of *Honeycutt*. Williams filed a brief requesting that the money judgment be vacated while the Government filed an unopposed motion to remand the criminal money judgment. We

2

granted the Government's motion to remand, vacated the criminal money judgment, remanded for further proceedings, and, finding no other meritorious issues on appeal, affirmed the judgment of conviction. *United States v. Williams*, 736 F. App'x 389 (4th Cir. 2018) (No. 17-4352).

The court subsequently granted Williams' petition for rehearing on the issue of whether it was plain error for Williams to be designated a career offender. *See* U.S. Sentencing Guidelines § 4B1.1 (2015). The parties have filed supplemental briefs on the issue and this appeal is ripe for disposition.

When Williams was sentenced, a defendant could be "jointly and severally liable for the forfeiture of proceeds from a conspiracy." *United States v. Chittenden*, 848 F.3d 188, 204 (4th Cir.) (internal quotation marks omitted), *cert. granted*, 138 S. Ct. 447 (2017) (vacating judgment and remanding in light of *Honeycutt*). Because Williams was sentenced prior to the issuance of *Honeycutt*, and his appeal was pending when the decision was announced, the rule in *Honeycutt* applies to his circumstance. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). It appears that Williams' criminal money judgment was based on an estimate of the proceeds of the drug distribution conspiracy, somewhat more than Williams may have acquired through his participation in the conspiracy. Thus, we conclude that it is appropriate for the district court to consider the criminal money judgment anew with *Honeycutt*'s guidance. Accordingly, we grant the Government's unopposed motion to remand, vacate the criminal money judgment, and remand for further proceedings consistent with this court's opinion.

With regard to Williams' career offender designation in light of postsentencing decisions in *United States v. McCollum*, 885 F.3d 300, 304-05 (4th Cir. 2018) (holding that conspiracy to commit murder in aid of racketeering is not a crime of violence), and *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018) (No. 17-4343(L)) (concluding that conspiracy to distribute and possess with intent to distribute cocaine base is not a controlled substance offense for determining career offender status), we conclude that there was no plain error. In reaching this conclusion, we rely on the reasoning in *United States v. Chavez-Lopez*, No. 18-4183, 2019 WL 1562352 (4th Cir. Apr. 11, 2019) (argued but unpublished), which, after considering *McCollum* and *Whitley*, decided that it was not plain error for Chavez-Lopez to have been sentenced as a career offender. Williams' designation as a career offender occurred under very similar circumstances. Because this court has repeatedly concluded that a § 846 drug conspiracy is a controlled substance offense, and neither *McCollum* nor *Whitney* distinguished this court's precedent on the issue, we conclude that it was not plain error for Williams to have been considered eligible for career offender status.

We review the remainder of Williams' sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—

4

including an explanation for any deviation from the Guidelines range." *Lymas*, 781 F.3d at 111-12 (internal quotation marks omitted). We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We conclude that it was not clear error for the district court to not provide an additional one-level reduction for acceptance of responsibility. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (stating standard of review). Under USSG § 3E1.1(a) (2015), the sentencing court should decrease the offense level by two levels if the defendant clearly demonstrates acceptance of responsibility for his offense. When the district court determines that the defendant qualifies for a decrease under subsection (a), the offense level may be decreased by one additional level under USSG § 3E1.1(b), if the government so moves, "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently[.]" The Government elected not to move for an additional one-level decrease after Williams waited until jury selection to enter his guilty plea. There is no evidence that the Government's decision not to move for an additional reduction was due to an unconstitutional motive or illegitimate purpose. *See United States v. Salas*, 756 F.3d

5

1196, 1204 (10th Cir. 2014) (noting that court may remedy Government's refusal to move if refusal was based on unconstitutional motive); *United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994) (noting that on issue of timeliness, district court has substantial discretion).

We also conclude that Williams had two prior controlled substance offenses in order to qualify for career offender status. Under the Guidelines:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

USSG § 4B1.2(c). A sentence "imposed more than fifteen years prior to the defendant's commencement of the instance offense is not counted unless the defendant's incarceration extended into this fifteen-year period." USSG § 4A1.1 cmt. n.1.

Here, Williams was charged with participating in the drug conspiracy that was operating as early as August 2014. According to the PSR, in 1996, Williams was

6

convicted of criminal sale of a controlled substance and was released from incarceration in July 2000, within the applicable 15-year period. Williams was convicted again of criminal sale of controlled substance in 2003, and released in 2006. Because both convictions were properly counted separately toward Williams' criminal history category, the convictions could be used as predicate offenses for Williams' career offender status.

Accordingly, we grant the Government's motion to remand, vacate the criminal money judgment, and remand the money judgment for further consideration by the district court in light of *Honeycutt*. In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. We therefore affirm Williams' judgment of conviction. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

7